UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL HUBBELL,

       Plaintiff,

                                          Case No. 14-13897

v.                                        HON. GEORGE CARAM STEEH

FEDEX SMARTPOST, INC.,

       Defendant.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES (DOC. 38).

On January 3, 2017, the Court conducted a telephone conference with counsel for the parties to discuss plaintiff's motion in limine to exclude witnesses, (Doc. 28), and the parties' positions on a potential adjournment of the trial in this case. Both sides affirmed their commitment to concluding the trial by the end of the fifth day of trial on Monday, January 23, 2017, and agreed to employ a chess clock if necessary to satisfy this objective. Concluding by January 23, 2017 is critical because the undersigned will be conducting a trial in Florida and will depart from Michigan on Tuesday, January 24, 2017, for three to four weeks. Although the Court offered to consider an adjournment of the trial, the parties were unable to agree upon the same.

Currently before the Court is plaintiff's motion in limine to exclude defendant's expert witness, Dr. Nitin Paranjpe, and lay witness, Jessica Benjamins. Defendant filed a response, to which plaintiff replied. After reviewing the briefs, the Court concludes that oral argument is unnecessary. For the reasons stated below, the Court will GRANT plaintiff's motion to exclude as it relates to Dr. Paranjpe and DENY plaintiff's motion as it relates to Benjamins.

## I. Background

Plaintiff filed her complaint on October 8, 2014, asserting claims under Title VII. The Court's first Scheduling Order states that witness lists must be filed by August 4, 2015. (Doc. 11 at 1). "The deadline for exchange of witness lists refers to all witnesses, lay and expert." (Doc. 11 at 2). Defendant filed their witness list on July 17, 2015. Benjamins and Paranjpe were not listed. Defendant never filed a motion to amend its witness list.

Defendant allegedly first provided notice of Benjamins on October 6, 2015; listing her as a witness in its Fed. R. Civ. P. 26(a) Fourth Amended Initial Disclosure document. (Doc. 40-1 at 6). The Court ordered discovery deadline occurred three days later, on October 9, 2015.

On December 28, 2015, over four months after the witness list deadline and over two months after the discovery deadline, defendant emailed plaintiff expert disclosures regarding Paranjpe. Plaintiff received hard copies of these disclosures on December 30, 2015. Defendant supplemented these disclosures on March 2, 2016.

Plaintiff filed this motion to exclude Paranjpe and Benjamins on December 8, 2016, in anticipation of the January 17, 2017 trial date. The parties stipulated to an expedited briefing schedule and seek a ruling as soon as possible.

## II. Legal Standard

Fed. R. Civ. P. 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." *Id.* "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial." *Id.* Fed. R. Civ. P. 37(c)(1) "requires absolute compliance with Rule 26(a)," *Roberts ex rel. v. Johnson*, 325 F.3d 776, 782 (6th Cir. 2003).

> If a party fails to provide information or identify a
> witness as required by Rule 26(a) or (e), the party is

- 3 -

> not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac and Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 756 (7th Cir.2004)). The party that fails to disclosure under Rule 26(a) has the burden to prove the application of one of these exceptions. *Roberts*, 325 F.3d at 782. Harmlessness "involves an honest mistake on the part of a party coupled with sufficient knowledge of the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir, 2993) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999).

### III. Analysis

**A. Dr. Nitin Paranjpe**

Defendant did not name any expert witness on the witness list filed on July 17, 2015. (Doc. 17 at 2) ("Defendant is not designating any expert witnesses at this time. The Defendant reserves the right to call as a witness and elicit the opinion testimony from any expert identified by the Plaintiff in the future."). Defendant's first disclosure regarding Paranjpe occurred on

- 4 -

December 28, 2015.  This disclosure came over four months after the court ordered witness filing deadline and over two months after the court ordered discovery deadline.

In its papers, defendant misapplies Fed. R. Civ. P. 26(a)(2)(D)(i) to argue that the Paranjpe disclosures are timely because they were made at least 90 days prior to the original trial date.  This argument fails because it ignores the language in Fed. R. Civ. P. 26(a)(2)(D) that limits the Fed. R. Civ. P. 26(a)(2)(D)(i) 90 day timeline to cases without a stipulation or court order establishing the time and sequence of disclosures.  Witness disclosures in this case are governed by the Court's Scheduling Order, which clearly established that all witnesses, both lay and expert, must be listed by August 4, 2015.  (Doc. 11 at 1).  Defendant's December 28, 2015 expert disclosures exceed this date.  Therefore, in accordance with Fed. R. Civ. P. 37(c)(1), Paranjpe can only be admitted if defendant's failure to disclose was "substantially justified or is harmless."  *Id.*

Defendant has not shown that its failure to disclose the expert witness is substantially justified.  Defendant's disclosure was untimely. Defendant does not state why or offer any further information to meet their burden of proof on this exception.

Additionally, defendant's failure is not harmless.  It appears defendant simply made a tardy, purposeful decision to call Paranjpe.  Further, defendant never filed for leave to amend its witness list.  Plaintiff did not have notice of Paranjpe until December 28, 2015; months after the Court's scheduled witness and discovery deadlines had passed.  Plaintiff was unable to depose Paranjpe or search for her own expert witness to provide rebuttal testimony.

During the January 3, 2017 telephone conference, plaintiff's counsel insisted that if the court allows Paranjpe to testify, plaintiff would request the opportunity to hire an expert of it's choosing to rebut the evidence offered by defendant.  Although the testimony concerning the availability of jobs in the Michigan marketplace is relevant to mitigation efforts of the plaintiff, the court does not consider the expense and the inefficiency of delaying the trial to provide for a new round of discovery to be commensurate with the proportionality principles in the civil rules amendments of December 2015.  The value of Paranjpe's testimony is indirect and tangential to the question of whether plaintiff took reasonable steps to mitigate her losses.  It is far from essential to the success or failure of the plaintiff's claims.  As such, the burden and expense of making the testimony available to the factfinder exceeds the needs of the case.

Therefore, the Court will GRANT plaintiff's motion to exclude the testimony of Dr. Nitin Paranjpe.

### B. Jessica Benjamins

Defendant did not list Jessica Benjamins in its witness list filed on July 17, 2015. Plaintiff's first notice of Benjamins allegedly occurred on October 6, 2015 in defendant's Rule 26(a) Fourth Amended Initial Disclosures. (Doc. 40-1 at 6). This disclosure occurred two months after the Court's witness list deadline. Therefore, in accordance with Fed. R. Civ. P. 37(c)(1), Benjamins can only be admitted if defendant's failure to disclose was "substantially justified or is harmless." *Id.*

Defendant has not shown that its failure to disclose is substantially justified. Defendant asserts that it did not conclude that Benjamins should be called until after reviewing testimony of plaintiff's August 20, 2015 deposition. Defendant's poor time management does not justify this failure to disclose. Nonetheless, the failure to disclose is harmless. Benjamins was disclosed prior to the Court ordered discovery deadline. Furthermore, unlike Paranjpe, plaintiff will not need to research and call an expert witness to rebut Benjamins. For these reasons, the Court will not apply Fed. R. Civ. P. 37(c)(1) sanctions. Plaintiff's motion to exclude is DENIED; Benjamins will be permitted to testify. The Court will allow plaintiff to

depose Benjamins. Although plaintiff's counsel opined during the January 3, 2017 telephone conference that this deposition could be accomplished in 30 minutes, out of an abundance of caution, the Court will allow the deposition for up to two hours.

## IV. Conclusion

For the reasons stated above, plaintiff's motion to exclude witnesses is GRANTED IN PART and DENIED IN PART. The Court will exclude Dr. Nitin Paranjpe's expert report and testimony. The Court will permit Jessica Benjamins to testify at trail. Discovery shall be reopened for the limited purpose of permitting plaintiff to depose Benjamins.

IT IS SO ORDERED.

Dated: January 4, 2017

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---