UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL HUBBELL,

    Plaintiff,

    v.

CASE NO. 14-13897
HON. GEORGE CARAM STEEH

FEDEX SMARTPOST, INC.,

    Defendant.
_____/

ORDER DENYING MOTIONS IN LIMINE (DOC. 42, 43, 44, 45).

Plaintiff Sheryl Hubbell sued her former employer, FedEx Smartpost, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA). The parties filed multiple motions in limine. (Doc. 42, 43, 44, 55). For the reasons stated below, the motions are DENIED.

## I. Analysis

### A. Defendant's Motion in Limine to Exclude Evidence or Argument Regarding Dismissed Claims and Other Irrelevant and Unduly Prejudicial Evidence (Doc. 42)

Defendant seeks to prohibit plaintiff from introducing evidence or referring to the allegations underlying her dismissed hostile work environment claim. Defendant argues that referring to wrongdoing that

- 1 -

does not rise to the level of an adverse employment action would severely prejudice defendant, waste time, and confuse the jury.

Plaintiff responds that she does not intend to introduce evidence that supports only the dismissed hostile work environment claim. But, plaintiff notes that she may introduce evidence that, while relevant to the dismissed claim, also supports the discrimination and retaliation claims. Plaintiff asserts that this evidence is admissible as background evidence under *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) and under Fed. R. Evid. 404(b) and 406.

While Plaintiff may not assert that she experienced a hostile work environment, she may introduce evidence of alleged conduct that is relevant to the question of whether she suffered an adverse employment action. *Johnson v. Watkins*, No. 3:07CV621 DPJ-JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010). "In other words, she may offer evidence of acts taken against her that she contends 'might have dissuaded a reasonable worker from making ... a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006)). Defendant's motion, therefore, is DENIED. But, the Court cautions plaintiff that the alleged wrongful conduct may not be relevant. As in *Johnson*, for

example, conduct occurring before the date that plaintiff engaged in protected activity is not relevant to retaliation claims. *Id.*

The Court will not rule on the admissibility of this evidence under Fed. R. Evid. 403 because it is not clear exactly what evidence plaintiff will offer and whether it is reasonably related to the surviving claims. Defendant may raise its Rule 403 objection at trial.

**B. Defendant's Motion in Limine to Exclude Evidence or Argument Regarding a 2010 Failure to Promote Claim and a January 2013 Human Resources Complaint About a Medical Privacy Violation (Doc. 43)**

Defendant argues that plaintiff's 2010 failure to promote allegations are improper because (1) she never reported to the EEOC and, as such, failed to exhaust her administrative remedies, and (2) it is untimely under the ELCRA's three year statute of limitations. Based on plaintiff's response, it appears she merely intends to use the incident as background evidence only. As such, defendant's arguments fail. The EEOC filing requirement does not prohibit plaintiff from using this prior act as background evidence in support of a timely claim. *Morgan*, 536 U.S. at 113. Further, even if this event is untimely under the ELCRA, allegations of events occurring before the relevant statutory period can be used as

background evidence.  *See Campbell v. Human Servs. Dep't*, 780 N.W.2d 586, 590-92 (2009).

Defendant also argues that plaintiff's January 2013 complaint that Todd Treman violated her medical privacy should be excluded because (1) it is not a protected activity, and (2) it fails the Best Evidence Rule. Pursuant to 42 U.S.C. § 2000e-3(a), a protected activity must relate to an employer's alleged activity that is unlawful under Title VII.  While a complaint of general mistreatment, like sharing private health information, may not constitute a protected activity, here plaintiff is not complaining of general mistreatment alone.  Instead, plaintiff argues that this incident relates to defendant's alleged Title VII violations because her medical information was shared due to her gender and the fact that she filed discrimination complaints.  Furthermore, plaintiff states that the Best Evidence Rule does not prohibit her testimony about this complaint because it arises out of oral discussion and is not evidenced by any emails or written documents.  The Court, therefore, finds that defendant has not met their burden to bar this evidence on the grounds that the acts at issue are not protected activity and are prohibited by the Best Evidence Rule.  As such, defendant's motion in limine is DENIED.

## C. Defendant's Motion in Limine to Exclude Improper Evidence Regarding Front Pay Damages (Doc. 44)

Defendant asserts that aspects of plaintiff's testimony to prove front pay damages should be precluded because it is speculative.

The Court must consider the following facts in awarding front pay damages:

> (1) the employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her obligation to mitigate her damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of future damages; and (6) 'other factors that are pertinent in prospective damage awards.

*Madden v. Chattanooga City Wide Serv. Dep't*, 549 F.3d 666, 679 (6th Cir. 2008)(internal quotations omitted). The parties purportedly agree that a plaintiff may testify regarding information relating to some of these factors, including her current pay, job history, and desire to work until retirement age. Defendant, however, argues that plaintiff's testimony will not be able to provide information relating to all of these factors. Defendant specifically objects to permitting plaintiff to testify about her formula for calculating damages and comparisons to the Social Security Work Index.

Plaintiff does not made an explicit argument regarding the *Madden* factors. She instead asserts that a court should consider age, employment

record, training, education, ability to work, and opportunities for advancement.  *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 727 (6th Cir. 2012).  Plaintiff believes that her testimony can address each of these factors, and therefore, her alleged front pay damages will not be speculative.  Plaintiff's reliance on *Andler* is inappropriate; it addresses damages regarding loss of earning capacity caused by injury rather than damages resulting from a Title VII violation.  *Id.* at 726.  Thus, even if the information considered in *Andler* is also evaluated under some of the *Madden* factors, plaintiff needs to address the remaining *Madden* factors.

Plaintiff has not presented information regarding each *Madden* factor in her brief.  But, it remains possible that she may be able to produce evidence on each factor at trial.  Defendant's motion, therefore, is DENIED.  The Court, however, cautions plaintiff that she may need to rely on other evidence to establish "the essential data necessary to calculate a reasonably certain front pay award."  *Arban v. W. Pub. Corp.*, 345 F.3d 390, 407 (6th Cir. 2003) (internal citations omitted).  Failure to provide such data may render plaintiff's claim for front pay damages purely speculative.

**D. Plaintiff's Motion in Limine to Exclude Defendant's Proposed Exhibit 175**

Plaintiff seeks to exclude defendant's proposed exhibit 175, arguing that it is irrelevant, not a record kept in the normal course of business, and

that the probative value is substantially outweighed by a danger of unfair prejudice.  The proposed exhibit appears to be a large spreadsheet containing information of employees hired between the date that Treman began working at the Detroit station and the date that plaintiff was terminated.  (Doc. 45-2 at PageID 1136 – 1170).  It includes the employees' names, start dates, sex, most recent title, and "promotion information."  (*Id.*).

Plaintiff asserts that the information is not relevant and unfairly prejudicial because it misrepresents promotion data.  Plaintiff defines a promotion as an employee moving into a new position in management.  (Doc. 45 at PageID 1128).  She asserts that some of the data, namely that reflecting moves from part-time to full-time employment, does not meet this definition.  Plaintiff also objects to the document listing employees who were hired but not promoted.  Plaintiff asserts that the exhibit should be prohibited, or at least redacted to include only those employees with promotions matching her definition of the term.

Defendant asserts that the document is relevant and its probative value is not outweighed by a danger of unfair prejudice.  The Court agrees.  Plaintiff's case centers on allegations that Treman discriminated against women by denying them advancement and promotional opportunities.  This

document illustrates the gender and promotion history of all individuals hired from the time that Treman arrived at the Detroit station until plaintiff's termination.  For purposes of this ruling, the Court assumes that Treman was the decision maker and, if offered as a summary exhibit pursuant to Rule 1006, that the underlying data has also been disclosed and will be admitted.  The Court finds that this information is likely relevant under Fed. R. Evid. 402.  Further, the Court agrees that the proposed exhibit's probative value is not outweighed by a danger of unfair prejudice.  Plaintiff's argument on defining promotions goes to the proposed exhibit's weight, not its admissibility.

Defendant also asserts that the proposed exhibit is a record kept in the normal course of business.  At a pre-trial conference on May 22, 2017, defendant stated that it uses PeopleSoft, an electronic software program, to maintain employment records in its ordinary course of business.   This document was generated in response to a query entered into PeopleSoft.  While the query may have been conducted for the purpose of trial, the information that it uncovered was purportedly kept in the ordinary course of business.  The Court finds this information sufficient to rule that the proposed exhibit is a record kept in the ordinary course of business.  Any

argument plaintiff makes regarding the documents creation post-trial likely goes to the weight, not the admissibility, of the exhibit.

## II. Conclusion

For the reasons stated above, Defendant's Motion in Limine to Exclude Evidence or Argument Regarding Dismissed Claims and Other Irrelevant and Unduly Prejudicial Evidence (Doc. 42), Defendant's Motion in Limine to Exclude Evidence or Argument Regarding a 2010 Failure to Promote Claim and a January 2013 Human Resources Complaint About a Medical Privacy Violation (Doc. 43), Defendant's Motion in Limine to Exclude Improper Evidence Regarding Front Pay Damages (Doc. 44), and Plaintiff's Motion in Limine to Exclude Defendant's Proposed Exhibit 175 are DENIED.

IT IS SO ORDERED.

Dated: May 25, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 25, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---