**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*32*

*FILED*

*JUN - 9 2017*

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

SHERYL HUBBELL,

                Plaintiff,

v.

FEDEX SMARTPOST INC.,

                Defendant.

_____/

Case No. 14-13897
Hon. George Caram Steeh

## **JURY INSTRUCTIONS**

1

## General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

2

**Use of Notes**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

3

## Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## Circumstantial Evidence

Facts can be proved by direct evidence from a witness or an exhibit. Direct evidence is evidence about what we actually see or hear. For example, if you look outside and see rain falling, that is direct evidence that it is raining.

Facts can also be proved by indirect or circumstantial evidence. Circumstantial evidence is evidence that normally or reasonably leads to other facts. So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water that would be circumstantial evidence that it is raining.

Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition. You must consider all the evidence, both direct and circumstantial.

## Court's Comments Not Evidence

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

6

## Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

## Judge's Comments to Lawyer

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

## Objections and Rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer, or the lawyer's client, because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

9

**Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to

11

discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

13

**All Available Witnesses or Evidence Need not be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

During this trial you did not see the video deposition of John Molnar. Neither side felt it was necessary to present this evidence in light of all the other evidence in the case.  You should draw no inference for or against either party for that decision.

14

## Charts and Summaries

Certain charts and summaries have been show to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in this case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in this case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

## Preponderance of the Evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

16

## All Persons Equal Before the Law – Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A *corporation* is entitled to the same fair trial as a private individual. All persons, including *corporations*, and other organizations stand equal before the law, and are to be treated as equals.

17

## Cautionary Instruction as to Business Judgment

Your task is to determine whether Defendant FedEx discriminated against Plaintiff Hubbell.  You are not to substitute your judgment for Defendant FedEx's business judgment, or decide this case based upon what you would have done.

However, you may consider the reasonableness or lack of reasonableness of Defendant FedEx's stated business judgment along with all the other evidence in determining whether Defendant FedEx discriminated or did not discriminate against Plaintiff Hubbell.

18

## Claims

That concludes my general instructions and the way that you treat evidence received during the trial.  Now the court will instruct you on the two claims made in this case, namely, discrimination and retaliation under Title VII of the United States code and the Michigan Elliot Larsen Civil Rights Act, the elements of these claims, and the burden of proof in this case.

19

## Employment Discrimination

The law provides that an employer shall not discriminate against a person regarding employment, compensation, or a term, condition, or privilege of employment because of their gender.

The law also provides that a person shall not discriminate against a person because the person has opposed a violation of the law, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the law.

Plaintiff Hubbell must prove that she was discriminated against because of her gender.  The discrimination must have been intentional.  It cannot have occurred by accident.  Intentional discrimination means that one of the motives or reasons for Plaintiff Hubbell's demotion or discharge was gender.  Gender does not have to be the only reason, or even the main reason, but it does have to be one of the reasons which made a difference in determining whether or not to demote or discharge Plaintiff Hubbell.

Plaintiff Hubbell has the burden of proving that:

a. Defendant FedEx demoted and/or discharged Plaintiff Hubbell, and

20

b. Gender was one of the motives which made a difference in determining to demote and/or discharge Plaintiff Hubbell.

Your verdict will be for Plaintiff Hubbell if you find that Defendant FedEx demoted and/or discharged Plaintiff Hubbell, and that gender was one of the motives or reasons which made a difference in determining to demote and/or discharge Plaintiff Hubbell.

Your verdict will be for Defendant FedEx if you find that Defendant FedEx did demote or discharge Plaintiff Hubbell, but that gender was not one of the motives or reasons which made a difference in determining to demote or discharge Plaintiff Hubbell.

21

## Retaliation

The law also provides that a defendant shall not retaliate against a plaintiff because the plaintiff engaged in a protected activity, such as opposing a violation of the law, or because the plaintiff made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the law.

Plaintiff Hubbell has the burden of proving the following elements:

a. She filed a complaint;
b. That was known by Defendant FedEx;
c. That Defendant FedEx took an employment action adverse to Plaintiff Hubbell; and
d. That there was a causal connection between the protected activity and the adverse employment action.

In this case, the parties agree that the first three elements are not in dispute. Therefore, the only element for you to decide, is whether a causal connection existed between the protected activity and the adverse employment action.

To establish a causal connection, Plaintiff Hubbell must demonstrate that but for her participation in the protected activity Defendant FedEx would not have taken an adverse employment action.

22

## Actual Damages

If you find that Defendant FedEx violated Title VII and/or the Elliott-Larsen Civil Rights Act, then you must determine whether it has caused Plaintiff Hubbell damages and, if so, you must determine the amount of money which reasonably, fairly, and adequately compensates for each of the elements of damage which you decide has resulted from the discrimination and/or retaliation of Defendant FedEx. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Hubbell has proved liability.

Plaintiff Hubbell must prove her damages by a preponderance of the evidence.  Your award must be based on evidence and not on speculation or guesswork.  On the other hand, Plaintiff Hubbell need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others:  (1) economic damages like the amount of back pay, future pay, and benefits Plaintiff Hubbell would have earned in her employment with Defendant FedEx if she had not been discriminated or retaliated against, minus the amount of benefits that Plaintiff Hubbell received; (2) non-

23

economic damages like the amount of other damages sustained by Plaintiff Hubbell supported by the evidence, such as pain, suffering, mental anguish, fright and shock, denial of social pleasure, loss of enjoyment of life, embarrassment, humiliation or mortification, and other noneconomic losses. If any element of damage is of a continuing nature, you shall decide how long it may continue.

Back pay includes the amounts that the evidence shows Plaintiff Hubbell would have earned had she remained an active employee of Defendant FedEx. These amounts include wages or salary and any lost benefits. You must subtract the amount of benefits Defendant FedEx proves, by a preponderance of the evidence, that Plaintiff Hubbell received and will receive during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Hubbell for the harm she has sustained. Actual damages must be solely to compensate Plaintiff Hubbell for her damages, and not to punish Defendant FedEx.

24

## Mitigation of Actual Damages

Plaintiff Hubbell must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is called mitigation of damages.

Defendant FedEx has the burden of proving, by a preponderance of the evidence, that Plaintiff Hubbell failed to mitigate her damages for loss of compensation.

If you find that Plaintiff Hubbell is entitled to damages, you must reduce these damages by

a. What Plaintiff Hubbell earned, and

b. What Plaintiff Hubbell could have earned with reasonable effort during the period for which you determine that she is entitled to damages.

If you find that Plaintiff Hubbell is entitled to future damages, you must reduce these damages by an amount that Plaintiff Hubbell could reasonably earn or reasonably be expected to earn in the future.

Whether Plaintiff Hubbell was reasonable in not seeking or accepting particular employment is a question for you to decide.  However, Plaintiff Hubbell is obligated to accept an offer of employment which is of "a like

25

nature."  In determining whether employment is "of a like nature," you may consider, for example, the type of work, the hours worked, the compensation, the job security, working conditions, and other conditions of employment.

## Punitive Damages

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Hubbell proves, by a preponderance of the evidence, that Defendant FedEx engaged in discrimination or retaliatory practice with malice or reckless indifference to Plaintiff Hubbell's federally protected rights. Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful. Reckless indifference is when an act is done with a complete lack of concern for the consequences of the action. In determining whether Defendant FedEx acted with malice or reckless indifference towards Plaintiff Hubbell, you need only conclude that Defendant FedEx had knowledge that it may be acting in violation of federal law, or that Defendant FedEx was aware of the risk that its actions violated federal law. You do not need to conclude that Defendant FedEx's conduct was egregious or outrageous discrimination or retaliation to recover punitive damages.

27

If you decide to award punitive damages, you should try to determine a fair, just, and reasonable amount under all of the circumstances.  Punitive damages are not intended to compensate a plaintiff for injuries, but rather, to punish a defendant and to prevent similar conduct in the future.  Thus, if you award these damages, you may consider Defendant FedEx's financial status and the impact of its paying that award.

### Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or

29

more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. When 7 out of the 8 of you agree on a verdict, the court will receive your verdict. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when at least 7 out of the 8 of you have agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

30

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

31

## Verdict Forms—Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

32