UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL HUBBELL,

    Plaintiff,

Case No. 14-13897

v.

HON. GEORGE CARAM STEEH

FEDEX SMARTPOST, INC.,

    Defendant.

_____/

ORDER GRANTING PLAINTIFF'S
MOTION TO REVIEW COSTS (Doc. 101)

Plaintiff seeks review of the Clerk's taxation of costs and an additional award of non-taxable costs. After a jury trial, Plaintiff prevailed on her claims under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). The Clerk taxed $440 in costs, but denied other requested costs as unsupported or not taxable pursuant to the local Bill of Costs Handbook. *See* Docs. 98, 100. In total, Plaintiff seeks $10,062.78 in costs, including the filing fee and fees for service, transcripts, witnesses, copies, postage, and parking. *See* Doc. 101, Exs. 3, 5.

Defendant objects to the award of costs not specifically listed in 28 U.S.C. § 1920, such as fees for parking, postage, office supplies, and expert witnesses. *See* 28 U.S.C. § 1920; *Hadix v. Johnson*, 322 F.3d 895,

- 1 -

900 (6th Cir. 2003). Under Title VII and the ELCRA, however, the court may award reasonable out-of-pocket expenses not otherwise taxable under § 1920. See M.C.L. § 37.2802; 42 U.S.C. § 2000e–5(k). Under 42 U.S.C. § 2000e–5(k), the court may award "a reasonable attorney's fee ... as part of the costs."[1] Courts "have construed § 2000e–5(k) as allowing the award of 'reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client.'" *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (quoting *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001*)). See also Lensing v. Potter*, 2015 WL 10892073, at *19 (W.D. Mich. Aug. 20, 2015) ("Courts have awarded telephone expenses, postage, attorney travel expenses, expenses for facsimiles, and parking, among others under § 2000e-5(k)."); *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979) ("Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988.").

Although Defendant generally questions Plaintiff's support for certain witness fees, and suggests that Plaintiff is double counting costs, these objections are not well taken. Upon review of Plaintiff's request for costs

---

[1] The court previously granted in part Plaintiff's motion for attorney's fees. Doc. 92.

and exhibits, the court finds Plaintiff's request to be reasonable and appropriately supported by invoices and receipts. *See* Doc. 101, Exs. 2, 3, 4, 5. Defendant has not specifically identified any duplicated costs, and the court discerns none. Plaintiff has listed all costs, except for trial transcripts, in Exhibit 5. The costs listed in Exhibit 5 total $9,180.78. Plaintiff also seeks $882 ($813.60 + $68.40) in trial transcripts, for a total of $10,062.78. Having determined that Defendant's objections are without merit, and that Plaintiff may be awarded costs in the form of out-of-pocket expenses, the court will grant Plaintiff's motion for costs.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to review the Clerk's bill of costs is GRANTED and costs in the amount of $10,062.78 (which includes the $440 already taxed by the Clerk) are awarded to Plaintiff.

Dated: January 22, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk